### ALBERT STOCKTON V. THE STATE.

No. 11473.   Delivered April 11, 1928.

Rehearing denied May 16, 1928.

**1.—Burglary—Misconduct of Jury—Reaching Verdict by Lot—Not Established.**

In his motion for a new trial appellant averred that the verdict of the jury was reached by lot in violation of Subd. 3 of Art. 753, C. C. P. The evidence taken on the hearing of the motion justified the finding that a ballot was taken after it was determined that the majority of the jury was not in favor of the suspended sentence, and that the verdict was not brought about by an involuntary yielding of the convictions of the minority to the majority. Unless the abuse of judicial discretion clearly appears the finding of the trial judge in the matter is conclusive. See Kirby v. State, 258 S. W. 822.

**ON REHEARING.**

**2.—Same—No Error Disclosed.**

A re-examination of the question on rehearing leaves us still unable to agree with appellant that the record shows the verdict to have been reached in a manner violative of Subd. 3 of Art. 753, C. C. P., and the motion for rehearing is overruled.

Appeal from the District Court of Cherokee County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*D. L. Harry* of Jacksonville and *Guinn & Guinn* of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary, the punishment confinement in the penitentiary for two years.

Appellant entered a plea of guilty and filed his application for a suspended sentence. The proof showed that he had never theretofore been convicted of a felony. The question of the suspension of the sentence was properly submitted in the charge of the court.

In his motion for a new trial appellant alleged that the jury improperly arrived at their verdict in that it was agreed by the jury that the majority should control on the question as to whether appellant should be confined in the penitentiary for two years or awarded a suspended sentence, and that in accordance with such agreement the minority of five who had voted for the suspended sentence feeling that they were bound by the agreement acquiesced in the return of a verdict assessing appellant's punishment at confinement in the penitentiary for two years. Affidavits of jurors in support of the averments were attached to the motion. Appellant asserts that the manner in which the verdict was arrived at was contrary to Subd. 3 of Art. 753, of our Code of Criminal Procedure, which provides that a new trial shall be granted—

"Where the verdict has been decided by lot, or in any other manner than by a fair expression of opinion by the jurors."

The burden of proving misconduct of the jury in the particular alleged rested upon appellant. Kirby v. State, 258 S. W. 822. The evidence taken on the motion justified the finding that a ballot was taken after it was determined that the majority of the jury was not in favor of the suspended sentence and that the verdict was not brought about by an involuntary yielding of the convictions of the minority to the majority. It is not shown that the trial judge abused his discretion in finding that the verdict was unanimously agreed to. Unless an abuse of judicial discretion clearly appears, the finding of the trial judge in the matter is conclusive.

The judgment is affirmed.                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We understand what occurred in the jury room to be about as follows: Appellant having entered his plea of guilty the only thing for the jury to determine was

the punishment; seven jurors were for two years without suspended sentence, and five were in favor of two years with suspended sentence; some one of the jurors suggested that the majority should control and proposed that if upon another ballot the majority were not in favor of a suspended sentence that all the jurors agree to the two years. This proposition was consented to, and upon another ballot seven were for two years without suspended sentence and the five jurors then "came over"—as most of the jurors expressed it—and joined in the verdict which was returned. The five jurors who were originally for the suspended sentence testified that they thought the judgment of the majority was perhaps better than their own. A re-examination of the question leaves us still unable to agree with appellant that the record shows the verdict to have been reached in a manner contrary to Subd. 3, Art. 753, C. C. P., set out in the original opinion. A new trial will not necessarily follow where some jurors agree to the verdict because the majority favor it (Corpus Juris, Vol. 16, Sec. 2702), nor because a juror does not wish to have a hung jury (Powell v. State, 79 Tex. Crim. Rep. 526, 187 S. W. 324), nor because a juror claims to have yielded his judgment in an effort to agree with other jurors (Chant v. State, 73 Tex. Crim. Rep. 345, 166 S. W. 513). See also Montgomery v. State, 13 Tex. Crim. Rep. 74; Pilot v. State, 38 Tex. Crim. Rep. 515, 43 S. W. 112; Kirby v. State, 96 Tex. Crim. Rep. 590, 258 S. W. 822. It is seldom that all jurors agree at once upon any issue and verdicts are usually reached by a surrender of some individual views in favor of those entertained by a majority of the jury.

The motion for rehearing is overruled.

*Overruled.*