## JONES v. OSBOLT.
### No. 2188.

Court of Civil Appeals of Texas. Beaumont.
Feb. 10, 1932.

Rehearing Denied Feb. 17, 1932.

Smith, Smith, Huffman & Boyd, of Beaumont, for appellant.

Kitching & Kenna, of Beaumont, for appellee.

O'QUINN, J.

Appellee sued appellant in the district court of Jefferson county to recover on an alleged oral contract or agreement that appellant had orally agreed to repay to him the sum of $1,600, with interest, said amount being the purchase price of certain timber sold by appellant to appellee shortly before the said oral contract.

Briefly, appellee alleged that about September, 23, 1927, the appellant, Jones, sold to appellee, Osbolt, all the oak suitable for making staves on 160 acres of land, a part of the Philip Miller League in Liberty county, Tex., for a consideration of $1,600 cash, with the understanding that appellee should have until September 12, 1930, to cut and remove said timber; that at the time of said sale appellant orally agreed to execute and deliver to appellee a bill of sale conveying a good title to said timber; that appellant represented to appellee that he (appellant) had good title to said timber and was selling and conveying a good title thereto to appellee; that appellant, in pursuance to said oral agreement, did execute and deliver to appellee a bill of sale to said timber, but "fraudulently and without the knowledge and consent of this plaintiff, inserted therein that he was selling to this plaintiff only his right, title and interest thereto, and so worded said instrument as to make it appear that the plaintiff was in fact buying only the right, title and interest of the defendant in said property and not the actual title thereto"; that he had the utmost confidence in appellant, believed him to be honest, and, relying upon said confidence and faith in appellant and his representations that he would convey to appellee a good title to the timber, he accepted said bill of sale from appellant without reading same, but believed that same was in accordance with appellant's representations to appellee and conveyed to him good title to said timber; that soon after purchasing said timber he was preparing to cut and remove same when appellant was sued by a third person for the title and possession to said timber and land, and appellant requested appellee not to undertake to cut or remove said timber, and stated to appellee that, if he (appellee) would refrain from cutting said timber, he (appellant) would repay to appellee said sum of $1,600, with interest, in the event the judgment of the district court of Liberty county, Tex., wherein said suit was pending, was rendered against him (appellant) for said property, and at said time appellant and appellee entered into an oral contract, under the terms of which appellee agreed and promised to refrain from cutting said timber until the suit was tried in the district court of Liberty county, and appellant promised and agreed to repay to appellee said sum of $1,600, with legal interest, if the judgment of the district court of Liberty county was

against him (appellant); that, in pursuance of said agreement and on the faith of appellant's said agreement, appellee did refrain from cutting said timber and agreed with appellant that he (appellee) would withhold any effort whatsoever to protect his interest in the title to said timber and would rely upon the promises and agreement made with appellant that, if judgment was rendered against appellant in the district court of Liberty county, then appellant would repay to appellee said $1,600, with legal interest thereon from September 23, 1927; that, when said cause was tried in said district court of Liberty county, judgment was rendered against appellant, Jones, and his title to said property failed, whereby he was then due to pay to appellee the money promised him; that, after said case was tried and judgment rendered against appellant, he requested appellant to pay said money, but that appellant refused so to do, and that he still refuses to pay same, except the sum of $40 paid by appellant by way of interest; and prayed for judgment against appellant in the sum of $1,600, with legal interest thereon, less the sum of $40, and for costs of suit.

Appellant answered by general demurrer, several special exceptions, and general denial.

At the close of the evidence, appellant moved the court for an instructed verdict, which was refused. The case was then tried to a jury upon the following special issues:

Special Issue No. 1.

"Do you find from the preponderance of the evidence that Roy Jones agreed to repay to the plaintiff, Frank Osbolt, the $1,600.00 in money which plaintiff Osbolt had paid to the said Roy Jones if said Jones lost the case, on trial of same at Liberty?" The jury answered: "Yes."

Special Issue No. 2.

"If you have answered the preceding Special Issue Number One (1) 'yes,' then, do you find from the preponderance of the evidence that the defendant, Roy Jones, agreed to pay to the said Frank Osbolt interest on said money?" The jury answered: "Yes."

At the request of defendant, the following special issues were given:

Special Requested Issue No. 1.

"Did the defendant, Roy Jones, prior to the time the bill of sale from him to plaintiff was executed and delivered, fraudulently represent to plaintiff that he, Jones, had good title to the timber in question?" The jury answered: "Yes."

Special Requested Issue No. 2.

"If you have answered the foregoing special issue 'yes,' then answer this question: Did the plaintiff rely on such representation?" The jury answered: "Yes."

Upon the findings of the jury, judgment was entered in favor of appellee against appellant for the sum of $1,600, with 6 per cent. interest thereon from September 23, 1927, less the sum of $40 which had been paid by appellant, totaling $1,888.20, and costs. Motion for a new trial was overruled, and the case is before us on appeal.

The first assignment of error asserts that the court erred in overruling appellant's general demurrer, because, it is contended, appellee's petition on its face shows that the oral contract or agreement between appellee and appellant was without consideration and void, wherefore no recovery could be had thereon. The assignment is overruled. Appellee pleaded that the contract of purchase of the timber and the payment by him of the $1,600 to appellant for the timber was induced by the fraudulent representations of appellant that he (appellant) owned the timber and had good title thereto and would convey said timber to appellee with good title, and that then appellant fraudulently executed to appellee a conveyance to only the right, title, and interest of appellant to same; and that, when appellee was preparing to cut and remove said timber, a third party sued appellant for the title and possession of said timber, and that, at the request of appellant, he (appellee) agreed with appellant that he (appellee) would not cut said timber, or take action to protect his interest in or to same, upon the promise of appellant that, if judgment in said suit went against appellant for said timber, he (appellant) would pay to appellee the $1,600 which he had paid to appellant for the timber, with legal interest thereon, and that, in pursuance of such agreement and promise of appellant, and in reliance thereon, he (appellee) did not cut the timber or take any action to protect his interest in the timber, or against appellant relative to the alleged fraud in the sale and conveyance of the timber by appellant to appellee. The matters pleaded constituted consideration to support the contract pleaded. The petition stated a cause of action. 10 Tex. Jur. (Contracts) §§ 71, 74, 75, 77 and 78; 13 C. J. p. 342, §§ 193, 194; 6 R. C. L. p. 656, §§ 68 and 69; Hawthorne v. Walton (Tex. Civ. App.) 30 S.W.(2d) 397.

But appellant insists that appellee was under a legal duty not to cut the timber, and, that being true, he cannot recover on request of appellant to refrain from cutting the timber and his promise to do so, for a promise to do that which he was legally bound to do will not support a promise on the part of appellant to repay the money. Appellant seems to bottom this contention on the statement in his brief that appellee was sued for the timber along with appellant and others, and for that reason was under the legal duty to not cut the timber pending the suit. We think

there is no force in the contention, for appellant did not plead any such facts, and there is nothing in appellee's petition showing he was legally bound to refrain from cutting the timber, either as to any right of appellant, or of a third party claimant. There is neither pleading nor proof to show any such legal duty resting upon appellee.

What we have said disposes of appellant's second, third, and fourth assignments.

The assignments complaining that the court erred in overruling appellant's special exceptions to appellee's petition are overruled; no error is shown.

■ Appellant says that appellee should not have recovered judgment for, in that appellant's title to the timber had not failed, though judgment in the district court was against him, because he had appealed from the judgment, and, at the time of the rendition of the instant judgment, the case on appeal had not been finally determined. This contention is without force because this court judicially knows that said appeal was to this court wherein the judgment was against appellant, and that appellant's application for a writ of error was refused by the Supreme Court.

■ Appellant's seventh assignment asserts that the finding of the jury that appellant made fraudulent representations to appellee relative to the title to the timber in making sale of said timber to appellee, and that appellee relied upon such representations in the purchase of the timber, were wholly without support in the evidence, and any judgment based thereon should not be permitted to stand. Appellee contends, as we understand his counter propositions, that, as the special issues relative to fraud were requested to be submitted to the jury by appellant, and the jury having found against him, he cannot now assign error against said issues that they were not pleaded nor supported by the evidence. Whatever may have been the rule as to this heretofore, we think appellee's contention is destroyed by act of the 42d Legislature, Regular Session, chapter 78, p. 120 (Vernon's Ann. Civ. St. art. 2190) wherein it is enacted that "a claim that the evidence was insufficient to warrant the submission of an issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." However, we overrule the assignment. We think the findings complained of have ample support in the record.

No error having been shown, the judgment should be affirmed, and it is so ordered.

Affirmed.