## CALVIN et al. v. OLSCHEWSKE. *
### No. 9814.

Court of Civil Appeals of Texas. Galveston.
Feb. 25, 1933.

W. F. Carothers, of Houston, and Theodore Stubbs, of Galveston, for appellant E. A. Calvin.

James B. & Charles J. Stubbs and Thornton & Markwell, all of Galveston, for appellant J. L. Boddeker.

Stewart & De. Lange and Albert J. De Lange, all of Houston, for appellee Wm. H. Olschewske.

PLEASANTS, Chief Justice.

This is an action of trespass to try title and to remove cloud from title brought by appellant J. L. Boddeker, administrator of the estate of Fredericka Lohff, deceased, against appellants E. A. Calvin and wife, Ida Calvin, and appellee, Wm. H. Olschewske, and a number of other named defendants and their unknown heirs and legal representatives, to recover the title and possession of a tract of 12 acres of land, a part of the John Austin two-league grant in Harris county, fully described in plaintiff's petition. In the progress of the trial of the case the plaintiff dismissed his suit against all of the defendants except E. A. Calvin and appellee, Olschewske.

By his third amended petition plaintiff alleged, in substance, that the 12-acre tract of land belonged to the estate of Fredericka Lohff, deceased, of which he was the duly

---

*Rehearing denied July 20, 1933. Second motion for rehearing denied September 20, 1933.

appointed and qualified administrator, and that he had possession of said land as such administrator on August 1, 1926. The petition then specially pleads the title under which plaintiff claims the land as belonging to the estate of Fredericka Lohff. It is then alleged that for more than twenty years continuously prior to her death Fredericka Lohff was of unsound mind "and did not know at any time during said period the nature and validity of any contractual relation that might have been imposed upon her, that she did not have the capacity to attend to her property." An unlawful entry upon the property by the defendants and the ejection of plaintiff therefrom on August 1, 1926, is next alleged. He further alleged that, while he does not know the claim of title asserted by any of the defendants to the property, any claim asserted by them is subordinate to plaintiff's title, and plaintiff further says:

"That the assertion of title by these defendants and their claim to said property constitutes and is a cloud on plaintiff's title thereto, which plaintiff is entitled to remove by suit, and plaintiff further says that the defendants have filed or caused to be filed in the office of the county clerk of Harris County, Texas, certain conveyances which purport to affect the title to this property, but which are in truth and in fact without authority and void because of the incapacity of the said Fredericka Lohff at the time of the execution of said instruments, if same were ever in truth executed by the said Fredericka Lohff, said instruments being, to-wit:

"General Warranty Deed, Fredericka Lohff to William H. Olschewske, dated July 18, 1907, recorded in Vol. 237, page 608, Harris County Deed Records.

"General Warranty Deed under Power of Attorney, from Fredericka Lohff by her attorney in fact, W. W. Holland, to E. A. Calvin, dated April 23, 1912, signed by Fredericka Lohff, by her attorney in fact, W. W. Holland, recorded in Vol. 287, page 246 of the Harris County Deed Records.

"And plaintiff says that the filing of these deeds and the assertion of title under these deeds, constitutes and is a cloud on plaintiff's title to said property, which plaintiff is entitled to remove by suit."

It is further alleged that the deed from Fredericka Lohff to appellee, Olschewske, of date July 18, 1907, was executed for a recited consideration of $500 cash and a promissory note for the sum of $750 executed by said appellee and payable to Fredericka Lohff two years after date, with interest at the rate of 6 per cent. per annum, and that a vendor's lien was expressly reserved in the deed to secure the payment of the note; that said note has never been paid, and that on or about the 1st of September, 1909, the said Fredericka Lohff, who then held said unpaid note, rescinded said contract of sale and declared said deed of conveyance canceled and thereby reinvested herself with the title to the property; that thereafter, on the 23d day of April, 1912, Fredericka Lohff through her agent and attorney in fact, W. W. Holland, again declared said contract of sale rescinded and exercised her right to cancel and annul the deed of conveyance, made by her to said Wm. Olschewske, and thereby recovered the title to the land described in said deed, which is the property in controversy in this suit, and thereby title to said property was restored to her, and she recovered thereby all the title intended to be conveyed by said deed; and that at the time of said rescission the said Fredericka Lohff was the holder and owner of said note and vendor's lien and reservation of title and said note was not paid and not barred by any statute of limitation.

Plaintiff further avers that her agent and attorney in fact, W. W. Holland, by deed, conveyed title and gave possession of said property to E. A. Calvin, and only for the purpose of clearly indicating the rescinding of the sale and conveyance to Wm. H. Olschewske, above referred to, the said E. A. Calvin taking the place of said W. W. Holland as agent and attorney in fact for the said Fredericka Lohff and taking possession of said property and holding the same in adverse possession upon claim of title, but always for the benefit of said Fredericka Lohff and acting as substitute and successor of the said W. W. Holland as her agent and attorney in fact and receiving only such benefits as the said W. W. Holland might be entitled to upon his full and complete performance of his duty and trust as the agent and attorney in fact of said Fredericka Lohff, and plaintiff therefore avers that the possession and all other acts of the said E. A. Calvin were and are for the benefit of Fredericka Lohff and in preservation of her title to said property.

The petition prays for the recovery of title and possession of the land against all the defendants, and for the removal of the clouds upon the title cast by the instruments before described.

Appellee, Olschewske, answered plaintiff's petition by general demurrer and numerous special exceptions, the nature of which need not be shown, and by a general denial. He further specially pleaded the two, four, five, and ten years' statutes of limitation in bar of plaintiff's suit, and specially denied the allegations of the petition that Fredericka Lohff was of unsound mind and incapable of making a valid contract on the date of the execution of her deed to this defendant. He then alleges a number of payments made on various named dates.

"That this defendant at all times while same was a valid and subsisting indebtedness stood ready, willing and able to pay the balance of said purchase money and tendered same to the said Fredericka Lohff, requesting however a surrender of the original note and release of the vendor's lien. That on or about the 27th day of April, 1912, there was filed for record in this county and purported to be a deed from W. W. Holland to E. A. Calvin accompanied by purported power of attorney from said Fredericka Lohff, same being recorded in Vol. 287, page 246. That such deed purported to affect and convey the title to the property of this defendant which he had purchased from said Fredericka Lohff, as is more particularly set forth hereinafter. That the said deed clouded the title to said property that this defendant had purchased from said Fredericka Lohff and said Fredericka Lohff personally and acting through her brother, J. C. Obermueller, agreed to secure release from grantee in said purported deed, said Fredericka Lohff claiming that said power of attorney did not affect and was not intended to affect or relate to this particular property but that said release was never secured.

"That this defendant has always stood ready to pay any amount owing on said property and in case it should be found that any amount is owing on said property this defendant tenders any and all amounts actually due upon such property.

"That the said Fredericka Lohff was daily transacting business, that she was of sound mind at the time of the conveyance to this defendant and at time of various payments by this defendant, and that there was nothing to give notice to this defendant of any defect in mentality, if any existed, which is denied; and that this defendant is an innocent purchaser of said property involved herein for valuable consideration as herein set out to said Fredericka Lohff and accepted and used by her. That this defendant has paid the taxes on said property continuously since 1906 and that no other person has paid same and that in all events this defendant is entitled to be refunded for the full amount thereof and to have same established against said property."

This answer, by cross-action against plaintiff and other defendants, asked recovery of the title and possession of the land and removal of the cloud cast upon appellee's title by the record of the power of attorney to Holland and the deed from Holland to Calvin, and claims of other defendants thereunder.

The appellant Calvin answered by general demurrer, general denial, and pleaded that he had title to the land as innocent purchaser from a prior owner of the land under whom plaintiff deraigned the title specially pleaded by him. He further specially denied any want of mental capacity in Fredericka Lohff at the time she executed the power of attorney to Holland and at the time Holland, acting under such power of attorney, conveyed the land to this defendant. The answer further avers: "That if there was any mental incapacity on the part of the said Fredericka Lohff at the time of the execution of said instruments, which is not admitted but is specially denied, the same was not apparent to a person dealing with her on ordinary business matters such as this, and this defendant had no notice thereof either actual or constructive, she never having been officially declared of unsound mind at that time, and the defendant purchased her interest in said land in order to perfect his title, in good faith, and paid her a valuable consideration therefor as recited in said deed, which the plaintiff has not tendered back and is not entitled to; wherefore the plaintiff ought not to prevail in this suit and is not entitled to have the defendant's said deed cancelled and annulled, all of which he is ready to verify."

The trial in the court below with a jury resulted in a verdict and judgment in favor of appellee.

In response to special issues submitted by the court, the jury found that Mrs. Fredericka Lohff was not of unsound mind on the 18th day of July, 1907, when she conveyed the land in controversy to appellee. They further found that E. A. Calvin did not, through a tenant, have possession of the land for five years prior to the institution of this suit, claiming title thereto under a recorded deed and paying the taxes thereon as required by the statute, and that he did not by tenant have peaceable, adverse, exclusive, and continuous possession of the land for a period of ten years prior to the institution of the suit. No other issues were submitted or requested to be submitted.

Upon this verdict the court rendered a judgment that the plaintiff, Boddeker, take nothing by his suit against any of the defendants, and that appellee, Olschewske, on his cross-action recover title and possession of the property from the plaintiff and his codefendants against whom such affirmative relief was sought in his cross-petition, and that the cloud cast upon appellee's title by the recorded instruments, under which the defendants in the cross-action claim the land, "be cancelled, annulled, and held for naught."

The appellants, J. L. Boddeker and E. A. Calvin and wife, excepted to this judgment and gave notice of appeal. The plaintiff, Boddeker, and the defendants Calvin and wife prosecuted separate appeals, and have filed separate briefs, but upon submission of the case counsel for these appellants informed the court that they had settled their

differences and agreed that in event of any recovery from the appellee by either Boddeker or appellants Calvin they had agreed that it should be divided between these appellants.

The brief of appellant Boddeker complains of the judgment on four grounds:

First. Because the court erred in refusing to instruct a verdict in his favor against the appellee, Olschewske, on the ground that the undisputed evidence shows that Mrs. Lohff, who had expressly reserved a vendor's lien in her deed conveying the property to appellee, had rescinded the contract of sale for the failure of appellee to pay the purchase-money note given by him in part payment of the purchase price of the land.

Second. That the court erred in holding that appellee had acquired title to the land, without having paid all of the purchase money agreed by him to be paid therefor.

Third. That the court erred in holding that appellee had title as against plaintiff without an adjustment of the equities arising from his failure to pay the whole of the purchase price therefor.

Fourth. That the court erred in admitting in evidence over plaintiff's objection a certificate of cancellation by the commissioners' court of Harris county of a claim against E. A. Calvin for delinquent taxes on the land, on the ground "that such account did not exist."

The defendant E. A. Calvin also complains of the judgment on the ground that appellee, having failed to pay the amount due upon his purchase-money note, his vendor, Mrs. Lohff, under the express reservation contained in her deed of conveyance, exercised her right to rescind the contract of sale on April 23, 1912, for such failure of appellee to pay his purchase-money note, and conveyed the land to appellant Calvin, who took possession thereof and thereby became vested with the full legal title thereto, and judgment therefor should have been rendered in his favor.

He further assails the judgment on the ground that appellee's pleadings and the undisputed evidence show that appellee had not paid all of the purchase money for the land, and under the reservation contained in the deed Mrs. Lohff retained the superior title to the land, and her rescission of the contract of sale to appellee and her conveyance of the land to Calvin vested title in him.

He also complains of the judgment because the court failed to adjust the equities arising from appellee's failure to pay all of the purchase money due by him on the land.

His remaining complaints are based upon the alleged misconduct of the jury, and will be hereinafter more fully stated.

■■ The trial court did not err in refusing to instruct a verdict for plaintiff. The evidence is sufficient to sustain, if it does not compel, a finding that there was no rescission by Mrs. Lohff of her sale and conveyance of the land to appellee.

Appellants' claim that Mrs. Lohff rescinded her sale to appellee is based wholly upon recitals in a deed executed on April 23, 1912, by W. W. Holland as attorney for Mrs. Lohff, conveying the land to E. A. Calvin. This deed recites as follows: "Whereas, it is made to appear to my entire satisfaction, that Mrs. F. Cullen, and also Mr. E. A. Calvin are each and both innocent purchasers for value and without notice of any right in me or my assign Wm. H. Olschewske, both myself and Wm. H. Olschewske having failed to have on record my title to said hereinafter named property, and which failure on my part and the part of said Wm. H. Olschewske has rendered my title and his title null and void against them. And whereas, said Wm. H. Olschewske has failed and refused to pay the purchase money due me upon said land and although same is now barred by limitation, still so fails and refuses to carry out his agreement to purchase the hereinafter described tract of land, I have and do now exercise my right to cancel and annul his title for said non-payment of purchase money, and do now convey same to E. A. Calvin notwithstanding the fact that said E. A. Calvin already has the superior title thereto, which I fully recognize."

The power of attorney under which Holland acted in the execution of this deed and which was referred to and made a part of the deed which was executed by Mrs. Lohff on April 22, 1912, is as follows:

"State of Texas, County of Galveston.

"Know all men by these presents:

"That I, Friedericka Lohff, of the County of Galveston, and State of Texas, have made, constituted and appointed and by these presents do make, constitute and appoint W. W. Holland of the County of Harris and State of Texas my true, sufficient and lawful attorney for me and in my place and stead; to sue for, recover, reduce to possession, grant, bargain, sell and convey any and all lands or land which I have in Harris County, Texas, execute any and all papers necessary to reduce to cash all said property giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or his substitute shall lawfully do or cause to be done in the premises by virtue hereof.

And whereas, said W. W. Holland will have to incur considerable expenses and will probably have to employ legal counsel to assist me in said business; therefore, know all whom it may concern, that in consideration of the services performed and to be performed by said W. W. Holland in the business above mentioned do hereby give, grant, sell, convey and deliver to said W. W. Holland one-half of all money or moneys received by him under this power of attorney above $3000.00 net to me, any sale at a less figure he is to get nothing. All expenses to be borne by said W. W. Holland.

"Witness my hand this 22nd day of April, 1912.

"Mrs. Friedericka Lohff.

"Signed and delivered in the presence of J. C. Obermueller."

The undisputed evidence shows that, in procuring this power of attorney from Mrs. Lohff, Holland was acting as the agent of E. A. Calvin to perfect his claim of title to the land as an innocent purchaser for value from one of the vendors in Mrs. Lohff's chain of title against whom she had recovered a judgment which had not been recorded at the time Calvin purchased. The recitals in the deed from Holland to Calvin fully corroborate what the undisputed testimony shows as above stated.

It is, we think, perfectly clear that the power of attorney executed by Mrs. Lohff did not authorize Holland to convey her land without receiving any consideration therefor, and the evidence shows there was no consideration for this conveyance. We think it is also clear that this power of attorney cannot be reasonably construed as authorizing Holland to disaffirm the executory contract of sale of the land by Mrs. Lohff to appellee. If any amount was unpaid by appellee upon his purchase-money note, there is no evidence of any demand by Mrs. Lohff for its payment, or any notice of her intention to rescind her deed to appellee. The undisputed evidence shows she had accepted from appellee past-due payments on the note a number of times during the time it had run, and this course of her dealings with him would require demand of payment, of any balance due thereon, and notice of intention to cancel the deed for failure to pay the purchase money. Estell v. Cole, 62 Tex. 695; Reddin v. Smith, 65 Tex. 26; Walls v. Cruse (Tex. Com. App.) 235 S. W. 199.

But, as before shown, it is clear from the evidence that the attempted rescission by Holland in his deed to Calvin, even if the power of attorney had authorized such act on his part, was not for Mrs. Lohff's benefit, but solely for the interest and benefit of Calvin, who, if he had acquired Mrs. Lohff's title, could not without notice to appellee have rescinded the deed to appellee.

Plaintiff's right to a rescission, in this suit, of the deed by Mrs. Lohff conveying the land to appellee and her right to recover any unpaid balance upon appellee's note, are barred by. the statutes of limitation pleaded by appellee. Appellee in his answer in effect avers that most, if not all, the money due on the note had been paid, but expressed a willingness to pay any amount which might be found due on the note. Plaintiff did not plead for adjustment of equities, nor ask for any money recovery against appellee, and did not ask the court to submit to the jury the amount remaining unpaid on the note, and there was no evidence definitely fixing such amount, and not even the note was introduced in evidence, plaintiff claiming that it had been lost. The record discloses that appellee was not qualified, because of Mrs. Lohff's death, to testify as to any payments made by him to her.

In this state of the record, it seems to us that plaintiff's failure to ask a finding of the jury as to the amount of appellee's indebtedness, if any, was a waiver of any right he might have had to recover any sum from appellee.

The findings of the jury upon the issues submitted to them are amply sustained by the evidence. While there was evidence tending to show that Mrs. Lohff lacked mental capacity to make a valid contract at the time she executed the power of attorney to Holland, that issue was not submitted to the jury and must be considered as abandoned; there being no complaint of the failure of the court to submit such issue, and no contention that the undisputed evidence shows her want of mental capacity to make such contract.

We fail to see what materiality there was in the fact disclosed by the certificate showing a cancellation by the commissioners' court of Harris county of a claim for delinquent taxes against E. A. Calvin, on the ground stated in the brief that such claim "did not exist." We are certainly not required to search the record for some possible injury the admission of such certificate in evidence may have caused appellants.

The assignments complaining of misconduct of the jury are based upon the failure of the officer in charge of the jury to inform the judge that they desired further instruction on the meaning of the word "tenant" as used in the charge submitting the issue of limitation, and upon the action of the jury, who had disagreed for some time upon the issues of limitation submitted by the court, to finally follow the judgment of the majority upon such issues.

We do not think there is any merit in these assignments. There was no request made by the foreman, acting on behalf of

the jury, to the officer, to inform the judge that the jury desired further instruction. Some one or two members of the jury did make such request to the officer and he failed to comply therewith. It is hard for us to understand how a jury of ordinary intelligence would need to be told the meaning of the word "tenant," but, apart from this, the officer was not required to comply with any request of this kind from an individual member of the jury, but only from the jury speaking through its foreman.

The other complaint is, we think, equally groundless. The evidence shows that, after arguing the question for some hours, it was finally submitted to a vote with the understanding by some of the jurors that all of them would acquiesce in the vote of the majority. It seems to us that this method cannot be called a decision by lot, but is a usual and reasonable method for intelligent men to adopt in finally agreeing upon the settlement of issues presented to them. Such method involves no surrender of conscience or conviction, but merely recognizes the fact that upon doubtful questions the opinion of the majority of those equally qualified to decide the questions is more likely to be correct than that of the individual member of the tribunal.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.

On Motion of Appellee to Correct Opinion.

 On re-examination of the record, we find that there is testimony sufficient to sustain a finding by the trial court that there was no agreement by the minority of the jury to accept or acquiesce in a test vote on the issue of limitation pleaded by appellants until after such vote was taken. In our main opinion, in discussing the question of misconduct of the jury, we say:

"The evidence shows that, after arguing the question for some hours, it was finally submitted to a vote with the understanding by some of the jurors that all of them would acquiesce in the vote of the majority."

We were inaccurate in saying that "the evidence shows" the facts stated in the above quotation from our opinion. There was testimony which would have authorized such finding by the trial court, but there was contradictory testimony of several of the jurors from which the trial court might have found that there was no such agreement until after the test vote was taken.

In this state of the record we must assume, in support of the court's ruling in refusing the appellants a new trial on this ground, that the court found that the agreement to acquiesce in the test vote was not made until after the vote was taken. Brad-

ley v. Texas Pacific R. R. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; Eastern R. R. Co. v. Montgomery (Tex. Civ. App.) 139 S. W. 885, writ denied; Weatherford, M. W. & N. W. R. Co. v. Thomas (Tex. Civ. App.) 175 S. W. 822, writ refused.

The motion to correct our opinion as above indicated is granted.

Granted.