J. L. Boddeker, Administrator, et al. v. W. H. Olschewske.

No. 6657.  Decided June 3, 1936.
Rehearing overruled July 15, 1936.
(94 S. W., 2d Series, 730.)

*Thornton & Markwell* and *Russel H. Markwell,* all of Galveston, for plaintiff in error.

A vendee being in default, the vendor having retained a vendor's lien, may, in the absence of sufficient equitable considerations to defeat such right, rescind by selling the land to another, and a vendee in default may not claim title against his vendor who retained a lien, or against a second vendee of such vendor. Fristoe v. Blum, 92 Texas, 76, 45 S. W., 998; Standifer v. Wilson, 93 Texas, 232, 54 S. W., 898; Waggoner v. Tinney, 102 Texas, 254, 115 S. W., 1155; 2 C. J., p. 523, sec. 145.

In holding that Olschewske had title to the land in controversy and at the same time refusing to permit the plaintiff to recover the purchase price the court is holding that a de-

faulting vendee has legal title as against his vendor. Rooney v. Porch (Com. App.), 239 S. W., 910; Toler v. King, 11 S. W. (2d) 360; Sherring v. Augustus, 32 S. W., 450.

*Albert J. DeLange,* of Houston, *W. J. Carothers* and *Theodore Stubbs,* of Galveston, for defendants in error.

No verdict may be rendered except upon a unanimous concurrence of all the members of the jury trying the cause, and an agreement to let the majority rule is a misconduct of the jury. Moore v. Ivey (Com. App.), 277 S. W., 106; St. Louis & S. W. Ry. Co. v. Robinson, 285 S. W., 269; Texas & N. O. Ry. Co. v. Parry (Com. App.), 12 S. W. (2d) 1000.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The case is fully stated in the opinion of the Court of Civil Appeals reported under the style of Calvin v. Olschewske, 62 S. W. (2d) 574. As the case is presented to this Court it is thought that the following statement is sufficient.

This is an action of trespass to try title and to remove cloud from title to 12 acres of land in Harris County brought by plaintiff in error Boddeker, as administrator of the estate of Fredericka Lohff, deceased, against Wm. H. Olschewske and E. A. Calvin. The land was conveyed by Mrs. Lohff to Olschewske by general warranty deed, dated July 18, 1907. The consideration for the conveyance was recited as $500.00 cash and a promissory note for the sum of $750.00, due two years after date, to secure the payment of which a vendor's lien was expressly reserved. It was alleged by the administrator that at the time of the execution of the deed Mrs. Lohff was of unsound mind and did not have the capacity to contract. On April 22, 1912, Mrs. Lohff executed a power of attorney to W. W. Holland, and on the following day Holland, assuming to act for Mrs. Lohff under the powers contained in the instrument appointing him attorney in fact, executed a general warranty deed to the same land to E. A. Calvin. Both Olschewske and Calvin filed cross actions in the trial court, the former claiming under his deed and seeking to remove the cloud cast upon his title by the conveyance to Calvin, and the latter claiming title through a source adverse to that of the administrator and Olschewske, as well as under the deed from Holland, as attorney in fact, and further claiming title by both the five and ten years statutes of limitation. In the trial court Olschewske recovered on his cross action and Calvin and the administrator filed separate appeals. The Court of Civil Ap-

peals affirmed the judgment of the trial court and separate applications for writs of error were filed by these parties.

█ It is represented here, as it was in the Court of Civil Appeals, that the administrator and Calvin have made some kind of an agreement between themselves whereby they are to share equally the fruits of the victory of either, but that agreement does not affect the case as presented here for decision. We must decide it, as did the Court of Civil Appeals, upon the record made by the pleadings, evidence and verdict in the trial court.

By the answers of the jury to the three special issues submitted, the following facts were determined: First, Mrs. Fredericka Lohff was not of unsound mind when she executed the deed of conveyance to Olschewske on July 18, 1907; second, Calvin did not, through a tenant, have possession of the land for five years prior to the institution of this suit, claiming title thereto under a recorded deed and paying the taxes thereon without delinquency, and third, that Calvin did not, by tenant, have peaceable, adverse, exclusive and continuous possession of the land for a period of ten years prior to the institution of the suit.

These fact findings set at rest the question of the insanity of Mrs. Lohff as a ground for recovering the land from Olschewske, as well as the question of the limitation title of Calvin. With these questions eliminated, only one major question remains for decision, and that is whether Mrs. Lohff rescinded the sale of this land to Olschewske after the vendor's lien note became due and prior to the date when it was barred by limitation. This claim of rescission is based upon the conveyance by Holland, as attorney in fact, to Calvin on April 23, 1912. By the terms of the instrument conferring the power of attorney Holland was authorized, "* * * to sue for, recover, reduce to possession, grant, bargain, sell and convey any and all lands or land which I have in Harris County, Texas, execute any and all papers necessary to reduce to cash all said property * * *."

█ In disposing of the question of whether, under the facts and under the powers granted in this instrument, Holland's deed operated to rescind and disaffirm the executory contract of sale of the land by Mrs. Lohff to Olschewske, Chief Justice Pleasants in his opinion in this case clearly assigns several reasons why it must be held not to have had that effect. We need not restate what has been by him so well stated, and we

therefore quote with approval the following from his opinion:

"The undisputed evidence shows that, in procuring this power of attorney from Mrs. Lohff, Holland was acting as the agent of E. A. Calvin to perfect his claim of title to the land as an innocent purchaser for value from one of the vendors in Mrs. Lohff's chain of title against whom she had recovered a judgment which had not been recorded at the time Calvin purchased. The recitals in the deed from Holland to Calvin fully corroborate what the undisputed testimony shows as above stated.

"It is, we think, perfectly clear that the power of attorney executed by Mrs. Lohff did not authorize Holland to convey her land without receiving any consideration therefor, and the evidence shows there was no consideration for this conveyance. We think it is also clear that this power of attorney cannot be reasonably construed as authorizing Holland to disaffirm the executory contract of sale of the land by Mrs. Lohff to appellee. If any amount was unpaid by appellee upon his purchase-money note, there is no evidence of any demand by Mrs. Lohff for its payment, or any notice of her intention to rescind her deed to appellee. The undisputed evidence shows she had accepted from appellee past-due payments on the note a number of times during the time it has run, and this course of her dealings with him would require demand of payment of any balance due thereon, and notice of intention to cancel the deed for failure to pay the purchase-money. Estell v. Cole, 62 Texas, 695; Reddin v. Smith, 65 Texas, 26; Walls v. Cruse (Tex. Com. App.), 235 S. W., 199."

"But as before shown, it is clear from the evidence that the attempted rescission by Holland in his deed to Calvin, even if the power of attorney had authorized such act on his part, was not for Mrs. Lohff's benefit, but solely for the interest and benefit of Calvin, who, if he had acquired Mrs. Lohff's title, could not without notice to appellee have rescinded the deed to appellee."

■ A question of misconduct of the jury is presented. Upon the hearing of the motion for a new trial four of the jurors were placed on the witness stand, and their testimony would support the conclusion that, after failing for several hours to agree on an answer to the issue submitting the question of Calvin's claim of five years limitation, an agreement was entered into that another ballot would be taken and the question answered in accordance with the votes of the majority. Had it been established by undisputed evidence that this agreement

was entered into, it would be our duty to set the verdict aside. That question was decided by the well considered opinion of Justice Greenwood in Casstevens v. T. & P. Ry. Co., 119 Texas, 456, 32 S. W. (2d) 637, 93 A. L. R., 89. That same opinion, however, reannounced the well established rule that, "If the evidence as to misconduct be conflicting the trial court's finding binds the appellate courts as does any other fact finding on conflicting evidence."

A careful consideration of all of the evidence offered in support of the motion has convinced us that a fact issue was raised as to whether this agreement was made before the test vote was taken showing a majority against the claim of limitation. If, as some of the testimony indicates, the jurors, after voting 7 to 5 on the issue, then agreed that the minority would go over to the majority, such agreement does not fall under the condemnation of the rule announced in the Casstevens case. The agreement there condemned was one made in advance when it was not known how the majority would vote. An agreement made after it became known on which side the majority had voted, the effect of which was that the minority would defer to the majority and make the vote unanimous, does not constitute misconduct. We approve the holding of the Court of Civil Appeals on this question as reflected by its opinion on motion to correct its original opinion.

The sole remaining question relates to the character of judgment entered by the trial court. It appears probable that Olschewske has never paid all of the note for $750.00 executed to Mrs. Lohff in part payment for the land in suit. The evidence on that question is not conclusive one way or the other, but construing same in the light of Olschewske's own pleading, it would appear that a small balance thereof remains unpaid. The general rule is that, even though limitation has barred the note, still the law denies to a defaulting vendee affirmative relief against his vendor. Barker v. Temple Lumber Co., 120 Texas, 244, 37 S. W. (2d) 721; Hill v. Preston, 34 S. W. (2d) 780; Estes v. Browning, 11 Texas, 245, 60 Am. Dec., 238; McPherson v. Johnson, 69 Texas, 484, 485, 6 S. W., 798. It is clear that Olschewske is entitled to affirmative relief as against Calvin, and the decree removing the deed executed by Holland to Calvin as a cloud upon Olschewske's title was properly entered. The administrator failed to establish his title, and it was therefore properly decreed that he take nothing. It is argued that the judgment should have ended there and should not have gone further and decreed that Olschewske

recover against the administrator the title and possession of the land upon his cross action. If there was an irregularity in the judgment in this particular, in view of the fact that, as between the administrator and Olschewske, the latter was in possession, no possible harm resulted to the administrator therefrom. The judgment removing the cloud from Olschewske's title and decreeing that the administrator take nothing has the effect of leaving Olschewske in possession under a valid deed. The judgments of the Court of Civil Appeals and the trial court will be affirmed.

Opinion adopted by the Supreme Court June 3, 1936.
Rehearing overruled July 15, 1936.