## KINDY et al. v. WILLINGHAM et al.

### No. 6283.

Court of Civil Appeals of Texas. Texarkana.

July 29, 1947.

Rehearing Denied Sept. 11, 1947.

See also 203 S.W.2d 991.

Jones, Jones & Brian, of Marshall, and S. I. Cornett, of Linden, for appellants.

Scott, Wilson & Cureton, of Waco, Carney, Carney & Mays, of Atlanta, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellees.

HARVEY, Justice.

Homer Kindy brought suit against A. C. Willingham and others in the District Court of Cass County, Texas, for personal injuries sustained by him on April 21, 1946, while riding in a truck and trailer operated by Clint Spann. Spann was traveling south from Douglassville toward the town of Linden, Texas, and a collision occurred between his truck and a truck and trailer driven by W. S. Steese, which was traveling north from Linden on the state highway in the direction of Douglassville. The scene of the accident was about two miles north of Linden and on a concrete bridge eighteen feet wide. Each of the trucks involved in the accident was seven feet wide. The trial was had to a jury and thirty-one issues were submitted. Upon the basis of the answers returned the court entered judgment in favor of the defendants. The amount of damages found to have been sustained by plaintiff was $31,000. After plaintiff's motion for a new trial was overruled, he, in due season, perfected an appeal to this court.

Appellant assigns error to the action of the trial court in overruling his motion for a new trial, founded in part upon jury misconduct. After the entry of judgment in favor of defendants, a hearing was had before the court on the plaintiff's motion for a new trial in regard to the alleged misconduct of the jury. The court filed his findings of fact with reference thereto, which in substance were that after the jury had deliberated for several hours, during which time they through discussion made known their position on the issues in the case, which included issue No. 6, they found that they were hung or would be unable to reach an agreement and agreed

that they would abide by a verdict of seventy-five per cent of their number. The court found in addition that after such agreement a definite vote was taken and the issues were answered, some of them being by unanimous vote; that after all the issues had been answered all twelve of the jurors consented to the verdict as being their verdict; that when the jury reported in open court each issue was read to them and the court asked the jury if the answers to the issues were their verdict. They answered, some by an affirmative showing and others by silent acquiescence. Appellant urges that a verdict arrived at in the manner indicated was reversible error and in violation of Rule 291, Texas Rules of Civil Procedure, which in part provides as follows.

"No verdict shall be rendered in any cause except upon the concurrence of all members of the jury trying the case."

The case of Casstevens v. Texas & P. R. Co., Tex.Civ.App., 28 S.W.2d 288; Id., 119 Tex. 456, 32 S.W.2d 637, 73 A.L.R. 89, cited by appellant, is authority for the proposition that where jurors agree in advance of having ascertained how each other stands with reference to answering the issues submitted to them that they would be bound by the opinion of the majority, and adopt that method in arriving at their verdict, such conduct constitutes error and is a basis for a new trial. The vice of such method in arriving at a verdict is that the jurors without knowing how each other stands in regard to the issues bind themselves to be bound by the answers without knowing what they will be, or without being cognizant of the verdict they are obligating themselves to return. In a later opinion by the Supreme Court in the case of Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730, 732, the distinction has been made as to the effect of an agreement by jurors to be bound in advance of determining each other's position on the issues submitted and an agreement made after they had made known their opinions with respect thereto. The following quotation from the case last above mentioned states the rule and summarizes the distinction between it and the Casstevens case:

"A careful consideration of all of the evidence offered in support of the motion has convinced us that a fact issue was raised as to whether this agreement was made before the test vote was taken showing a majority against the claim of limitation. If, as some of the testimony indicates, the jurors, after voting 7 to 5 on the issue, then agreed that the minority would go over to the majority, such agreement does not fall under the condemnation of the rule announced in the Casstevens Case. The agreement there condemned was one made in advance when it was not known how the majority would vote. An agreement made after it became known on which side the majority had voted, the effect of which was that the minority would defer to the majority and make the vote unanimous, does not constitute misconduct. We approve the holding of the Court of Civil Appeals on this question as reflected by its opinion on motion to correct its original opinion."

We are of the opinion that the Boddeker case rules the instant case and the distinction drawn is based upon sound considerations. A distinguishing characteristic between humans and lower orders of animals is their ability to reason. Being endowed with the power to reason, people as a consequence differ in their opinions and deductions. Very seldom does a group of individuals on first impression agree on hardly any fact upon which they may be called to express an opinion. What one thinks is beautiful, another might think unattractive; what one might think is beneficial, another might consider harmful; what one thinks is good, another thinks is bad. Being reasonable creatures we differ on the ordinary facts of life and form opinions which, after more mature consideration, are subject to change. In the jury room, if each juror took an adamant position based on a hasty opinion as to what the facts on the trial reflected and would not listen to his fellow jurors and the arguments advanced by them as a basis for their opinions, very few verdicts would be returned in court. It is only after each juror has expressed himself and has yielded to the sounder reasoning of others that it is possible for all of them to arrive at a

conclusion based upon sound judgment and reason. Under the fact findings of the trial judge we are convinced that he did not abuse his discretion in finding that the agreement in question made by the jurors that after they had ascertained each other's views as to how the issues should be answered, that the minority would defer to the majority was not misconduct of a reversible nature. Under the provisions of Rule 291 there was a concurrence of the jurors, which after all simply means that they assented to or acquiesced in a common verdict. Other cases that discuss the point in question are Kalteyer v. Mitchell, 102 Tex. 390, 117 S.W. 792, 132 Am.St.Rep. 889; City of Brownsville v. Crixell, Tex.Civ.App., 275 S.W. 430; Stockton v. State, 109 Tex.Cr.R. 554, 5 S.W.2d 996.

The jury found in answer to special issues submitted to them that the driver of the truck in which appellant was riding was not negligent; that negligence of the truck driver of appellees' truck was not the proximate cause of the collision; and that the collision was not the result of an unavoidable accident. Appellant takes the position that the court erred in refusing to declare a mistrial by reason of the fact that there was irreconcilable conflict in the jury findings just enumerated, and that the jury findings that neither meeting truck was negligently operated to the left of the center of the highway was in conflict with their finding on the issue of unavoidable accident. The issue with respect to the negligence of appellees' truck driver, which was answered in the affirmative, was as follows:

"Special Issue No. 4: Do you find from a preponderance of the evidence that the driver of defendants' truck failed to give the occupants of the approaching truck in which plaintiff was riding such assistance as the circumstances reasonably demanded in order to obtain clearance and avoid accident?"

As indicated, the jury answered "Yes" to this question, and further found that such failure to give assistance on the part of defendants' truck driver was negligence, but that it was not the proximate cause of plaintiff's injuries. The form in which issue No. 2 was submitted is criticized strongly by appellees. Unquestionably, it is a general submission of negligence. Appellees on the trial objected to the submission of this issue upon numerous grounds, among which were that it was vague, indefinite, confusing and permitted the jury to indulge in a wide realm of speculation as to what assistance was inquired about and as to circumstances not raised by the pleadings and evidence. We are of the opinion that some of the objections leveled at issue No. 4 have a sound basis. If a judgment could be founded upon an affirmative answer to it and its corollaries, then there would be no point in submitting other issues; the issue in question is all-inclusive. However, we are not so much concerned with the form of this issue as we are with the question of conflict alleged to exist among the issues to which reference has been made. Where there is a seeming conflict in the answers to special issues, it is the duty of the court to reconcile them, if possible. In the instant case, we are of the opinion that no conflict exists. There were certain acts of negligence on the part of appellees that were pleaded by appellant but not submitted, and with at least some evidence pertaining to them. Among these was that defendants' truck driver failed to stop his truck or to operate it so that it would not be upon the part of the road or bridge at the same time that the truck in which plaintiff was riding occupied such part of the road. Too, appellant's driver testified he did not apply his brakes; later he testified he applied his brakes just before the impact and "it happened right then." There was also evidence to the effect, or at least a deduction can be drawn therefrom, that the collision took place when appellant's driver swung his truck to his own right side of the road thereby causing the trailer attached to his truck to swing to its left and into appellees' truck. Under this state of facts the jury reasonably could have found, as they did, that the collision was not the result of an unavoidable accident; that neither truck and trailer was operated to the left of the center of the highway, and in addition that the appellees' driver failed in some manner

to render assistance to the occupants of the approaching truck in order to avoid the accident, which failure was not the proximate cause of the collision. These findings are not necessarily in conflict. The jury might very well have had in mind some other fact or circumstance developed in the testimony that they considered as the proximate cause of the collision. This question of seeming conflict has been before the courts in various fact situations. See Attebery v. Henwood, Tex.Civ.App., 177 S.W.2d 95; Renner v. National Biscuit Co., Tex.Civ.App., 173 S.W.2d 332; Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731. We quote the following from the case of Whitson v. Nickols, Tex.Civ.App., 299 S.W. 911, 912, Id., Tex.Com.App., 12 S.W.2d 556 (affirmed by the Supreme Court):

"We cannot agree that there was any such conflict. Before the appellee could be held liable, it was indispensable to show, not only that he was negligent, but also that his negligence was the proximate cause of the injuries complained of. In the absence of either of these elements against him, he was entitled to an acquittance of the charge, and this the jury gave him in expressly finding that his contributory negligence was not the proximate cause of the injuries. It was merely incumbent upon him to present a defense to the effort to fasten responsibility upon himself—not to further account for how the collision might have or probably did happen—and, having done that in securing a finding upon evidence that is not challenged as being insufficient, he was plainly entitled to the judgment rendered, regardless of the extent of the injuries so unfortunately received by his litigating opponent, or what may have caused them. * * * The defendant's acts, though negligent, did not furnish the proximate cause of the injury, thus failing, in any event, to fix liability upon him. No other judgment than one in his favor could therefore have properly followed."

In the instant case, undeniably a collision occurred; the jury found that neither driver was operating his truck to the left of the center of the highway, but that the collision was not an unavoidable accident. Manifestly, any inconsistency in the answers is reconciled by the testimony relative to the effect resulting from the act of appellant's driver in swinging his truck to his right which might have caused the attached trailer to swing to the left and collide with the truck of appellees. We do not think that the answers of the jury in question are in conflict, or cannot be reconciled.

No error being apparent from the record, the judgment of the trial court is affirmed.