Marie McGARY, Appellant,

v.

FIRST BANCREDIT CORPORATION, Appellee.

No. 6766.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 2, 1954.

Rehearing Denied Dec. 30, 1954.

Pollard, Reeves & Boulter, Tyler, for appellant.

Jones & Jones, N. W. Collier, Mineola, for appellee.

HALL, Chief Justice.

This action was instituted by appellee against appellant on a promissory note in the sum of $1,132.55.

Appellant answered by general denial; specially, that she did not execute the note sued on, and that the consideration of said note wholly failed. Appellant also denied that she executed a completion certificate with respect to the improvements on her home. This pleading was properly verified.

Trial was to the court without a jury, and resulted in judgment against appellant for the sum of $1,132.55.

Appellant's second point asserts that the trial court erred in entering judgment for appellee for the reason that such judgment is without support in the evidence in that the note sued on by appellee was not introduced in evidence.

Appellant in the fall of 1952 entered into a contract with Brazelton Lumber Company for certain improvements and additions to her home, and on October 30, 1952, executed the note sued on which was allegedly given by her in payment for said improvements. The note was transferred by Brazelton Lumber Company to appellee for a valuable consideration on or about November 5, 1952. Shortly after appellee purchased the note, it communicated with appellant, stating it was the holder of the note, the amount of monthly payments, and when the first payment would be due. After appellant received this letter from appellee she answered same, stating:

"In the first part of October, 1952, I entered into a contract with the Bra-zelton Lumber Company, Mineola, Texas, for alterations on my home.

"The Brazelton Lumber Company has not by any means completed the work in the manner that I understood it was to be completed. Not only have they not finished the work as agreed, but have left out a number of items.

"On November 5th, 1952, I received a letter from you which indicated that you had purchased my note from the Brazelton Lumber Company, and that my payments were to be $31.46 for thirty-six months. I am advised not to make any kind of a payment until an adjustment is made. I suggest that you have your representative call on me the first time he is in this territory so that we may attempt to straighten out the situation.

"I have delayed reporting this to you, as I was under the impression that they were coming back to finish up the work.

"Please advise."

With respect to the introduction of the note in evidence the record reveals:

"Mr. Collier: I want to make this Plaintiff's Exhibit No. 1.

"The Court: Are you offering it?

"Mr. Reeves: To which we object, if the Court please, sufficient showing of the execution, in the face of the sworn denial of the defendant, has not been made. (At this time the instrument above referred to was marked Plaintiff's Exhibit No. 1 and is set forth at page 85 of this Statement of Facts.)"

After the above tender of the note, appellee proved by the witness Aaron that the note was signed in the presence of him and his bookkeeper, Leo Stanley. Also proof was made by appellee of the purchase of the note from Brazelton Lumber Company by appellee.

During the course of the trial after the above occurrence, numerous questions were asked witnesses by appellant's counsel mak-

ing reference to "Plaintiff's Exhibit No. 1" which was the note sued on. The trial court considered the note in evidence and made several findings of fact and conclusions of law with respect to it. The court reporter must have believed the note was offered, else he would not have copied it in the statement of facts. All parties and the trial court agreed to and approved the statement of facts prepared by the court reporter which contained the note. There is nothing in the record showing any ruling by the court with respect to appellant's objection to the introduction of the note in evidence, and no insistence by the appellant is shown for such a ruling. The above facts and circumstances, in our opinion, support the conclusion that a proper tender of the note was made by appellee for the record. The authorities cited by appellant having to do with the failure to place a note in the record are not applicable here under our holding, for the reason that we have concluded that the note was introduced in evidence before the court. This point is overruled.

■ Appellant's third point asserts that the trial court erred in rendering judgment for appellee for the reason that appellee failed to offer proof that it exercised its option to declare the note due and payable by presenting it to appellant and demanding payment thereon. The note sued on was an installment note. Appellant failed and refused to pay the first installment. At no place in the record does it appear either by pleading or proof that appellant availed herself of the defense covered by this point. It was in no way brought to the attention of the trial court. The trial court refused to find, in response to motion by appellant for additional findings of fact, that appellee did not present the note to appellant and demand payment thereof. Matters of defense presented for the first time on appeal can not be considered by this court. Bank of Garvin v. Freeman, 107 Tex. 523, 181 S.W. 187; Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730; Jones v. Osbolt, Tex.Civ.App., 46 S.W.2d 422, w/r; Gray v. Powell, Tex.Civ.App., 282 S.W. 631, w/r; Allen v. Farm & Home Savings & Loan

Ass'n of Missouri, Tex.Civ.App., 58 S.W.2d 866; Essex v. La Boue, Tex.Civ.App., 223 S.W.2d 35, w/dis. Therefore this point presents no issue to this court, and is overruled.

■ Appellant's fourth point asserts that the trial court erred in holding that appellee was a holder in due course of the note in question, for the reason that it required the payee in the note to secure the execution of a completion certificate by the maker of the note as a condition precedent to its purchase of same.

The trial court admitted in evidence testimony by appellant and her witnesses to the effect that the work on her house was not completed. That the construction and repairs were not performed in accordance with her agreement with Brazelton Lumber Company; that the back room was smaller than that the contract called for. Holes were left in the floor; roof leaked; siding was falling off; windows would stick, and the house was not leveled.

This phase of the case was fully developed by both parties under appellant's plea of failure of consideration. The case was tried on this theory. The trial court in its original finding of fact No. 7 found that the repair and work on the building "was accomplished substantially in accordance with the agreement." There is sufficient testimony by appellee on the issue of failure of consideration to support the judgment of the court in its favor. Under such circumstances, we do not believe it would make any difference whether the appellee was a holder in due course or not, since the finding of the trial court as above indicated is sufficient to support the judgment rendered for appellee, on the theory that the repair to the house was accomplished substantially in accordance with the agreement. Hence the consideration had not failed.

We have examined all other points brought forward, and, in our opinion, they present no error and are overruled.

The judgment of the trial court is affirmed.