Carleton W. ADAMS, Jr., Appellant,

v.

ALAMO IRON WORKS, Appellee.

No. 13095.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 24, 1956.

Schlesinger, Goodstein & Semaan, San Antonio, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

POPE, Justice.

Alamo Iron Works sued Carleton Adams, Jr., for an unpaid balance on a promissory note and recovered judgment upon a jury verdict. Adams defended and by cross-action asked a cancellation of the note which he executed in payment of an electrical water pump. He asserted in a sworn answer that Alamo represented and warranted that the pump would obtain 200 gallons of water per minute from defendant's well, but that it failed to produce any water. The jury answered some special issues in favor of each party. Defendant

made a motion that the court disregard certain findings and render judgment in his favor, but the court gave judgment for plaintiff on the note. Defendant, Adams, on this appeal insists that certain findings have no support in the evidence. We overrule those points. Adams also reasons that the jury findings sufficiently support a defense of failure of consideration. Alamo responds that Adams defended upon the grounds of fraud, rather than upon a theory of failure of consideration, and that in any event the findings support the judgment in favor of plaintiff.

The jury found in answer to special issues: (1) that Adams waited an unreasonable length of time after the pump was installed before he had the pump wired and tested for satisfactory performance, (2) that Alamo represented to Adams that the pump would produce a flow of water from Adam's well of at least 200 gallons per minute, (3) that Alamo's representation was not made to induce Adams to buy the pump, (4) that defendant, Adams, believed and relied upon the representation, (5) that the representation was not false, (6) and that Adams would have purchased the pump despite the representation. Those findings show that the representation was not false, was not made to induce Adams to buy the pump, and that Adams would have bought it anyway. On a defense that the note was fraudulently induced, the defense failed. Defendant, Adams, however, reasons that the findings sufficiently support a defense of failure of consideration.

 The case was defended on the theory of fraud rather than a failure of consideration. The court's charge submitted the defense of fraud, and defendant's motions for judgment and for new trial urged the court to disregard the adverse findings on the grounds that they were supported by no evidence. Defendant's motions were not based on findings which were asserted as proof of failure of consideration. In our opinion the judgment of the court conforms to the nature of the case.

proved and the verdict. Rule 301, Texas Rules of Civil Procedure; McGary v. First Bancredit Corporation, Tex.Civ.App., 273 S.W.2d 905. That the two issues answered favorably to the defendant sufficiently proved a failure of consideration was not the theory of defense. Kothmann v. Southwest Co., Tex.Civ.App., 92 S.W.2d 272.

 The verdict would not support a judgment for defendant, Adams on the theory of failure of consideration. The jury found that Alamo represented that the pump would produce 200 gallons per minute and that the representation was not a false one. There is no finding that the pump would not perform as represented and the jury further found that, in any event, Adams would have bought it. 3 Williston, Sales, § 624. The jury apparently believed that the pump did not produce water because the well had gone dry. The judgment on the verdict will be affirmed.