JACKSON et al. v. GOLDBERG. (No. 7554.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1926.)

**1. Trial &#9758;205.**

Court must properly instruct jury, where burden of proof rests.

**2. Trial &#9758;234(7)—Charge placing burden on defendant to establish allegations of fraud held sufficient without charging jury separately that burden of proof was on defendant to establish affirmative of each special issue raising fraud.**

In suit to specifically perform a contract for exchange of lands and for damages, charge placing burden on defendant to establish his allegations of fraud by a preponderance of evidence *held* sufficient without charging jury that burden of proof was on defendant to establish affirmative of each special issue raising fraud.

**3. Evidence &#9758;113(19)—In suit to specifically perform contract for exchange of lands, in which issue of value of plaintiff's land was important, permitting testimony as to amount at which plaintiff had rendered his land for taxes held error.**

In suit to specifically perform a contract for exchange of lands, in which issue as to value of plaintiff's land was important, permitting testimony for purpose of impeachment whether plaintiff did not render his land for taxes for much less than price to defendant, and had he not made an affidavit to its rendition, *held* erroneous; such testimony affording no criterion by which to measure value of the land.

**4. Specific performance &#9758;119.**

In suit for specific performance of contract for exchange of land, plaintiff must prove that land he is to convey is of value alleged.

**5. Specific performance &#9758;120—In suit for specific performance of contract for exchange of land, all facts tending to prove value are usually admissible.**

In suit for specific performance of contract for exchange of land, all collateral facts that

tend to prove issue of value are usually admissible for what they are worth to go before jury.

**6. Evidence ⊛113(19)—Amount for which lands have been rendered by owner for taxes is no measure of value of land.**

Amount for which lands have been rendered by owner for taxes affords no basis by which to measure value of land.

**7. Evidence ⊛113(19).**

Neither assessment rolls nor tax rendition itself are competent evidence of fixed market value of land.

Appeal from District Court, Dallas County; Hon. T. A. Work, Judge.

Action by H. E. Jackson and others against Joe Goldberg. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Blanks, Collins & Jackson, of San Angelo, and Thompson, Knight, Baker & Harris, J. L. Goggans, and B. O. Baker, all of Dallas, for appellants.

P. P. Ballowe, M. T. Lively, and O. F. Wencker, all of Dallas, for appellee.

COBBS, J. Appellants sued appellee to specifically perform a contract for the exchange of lands, and for damages. Appellant was the owner of a farm of 145 acres in Dallas county, with an incumbrance of $10,-450 thereon. Appellee was the owner of 100 feet by 100 feet out of block 380 in the city of Dallas, at the northeast corner of McKinney avenue and Griffin street, with an incumbrance thereon to the extent of $10,000. The terms were an even exchange of the property. After an inspection of the property, appellee refused to carry out the contract. The parties were brought together by R. L. Hardy, whose agency both parties deny. R. L. Hardy showed the farm to appellee, and made all representations to appellee in reference to it to induce appellee to make the exchange. During the negotiations appellee alleges and undertakes to prove that, though he signed the contract upon the insistence of Hardy, it was merely tentative, and that he was to have another inspection made of the premises before the deal was closed. He further alleges that R. L. Hardy fraudulently represented to him, as an inducement to make the sale, that the farm was located on a pikeroad and abutted a pikeroad, and that said road was a principal thoroughfare, and that the improvements could be advantageously rebuilt on the pike, and that the farm was bounded by roads or public highways on all four sides. If so surrounded by roads and pikeroad, it would have been worth $30,000, but, being a considerable distance from the main pike, and cut off by a railroad track on one side, touching only dirt or unimproved roads, it was not worth more than the incumbrance against it; that appellee's property was worth two or three times more than appellant's farm.

Appellee refused to put up the forfeit money of $750 called for in the contract until he could again inspect the property. Though appellant, through Hardy, failed to carry him again to the place for further inspection, looking to, the completion of the contract as agreed upon, nevertheless appellee himself made the inspection, and found the representations of appellant as to the land, roads, etc., to be false and fraudulent, and, therefore, refused to carry out the deal and demanded the return of his contract. A controversy is also presented as to whether Hardy was the sole agent of the one or the dual agent of the two.

The case was tried with a jury, who answered the issues in favor of appellee, and the judgment of the trial court was entered accordingly. The court charged the jury specially, and error is assigned on the ground that the court neglected to, and refused to, give the requested charge of the appellant that the burden of proof rested upon appellee to establish the affirmative of those issues set forth in issues 2, 3, and 5.

Special Issue No. 2 related to appellant's alleged false representation that the farm in question was on a pikeroad and had public roads all around it. The pikeroad was known as "Lancaster pike." This was denied point-blank by appellant.

Special Issue No. 3 related to the question as to whether defendant relied solely on said representation in entering into the contract.

Special Issue No. 5 related to whether defendant signed the contract with the understanding that the trade would not go through until Hardy, the agent, carried him back to the farm to further investigate and inspect the property.

The insistence of appellant is that upon the determination of these issues it was important that, as to each one, the jury should have been told the burden of proof rested upon the appellee. Appellant contends that the court committed error in not properly charging the jury as to the burden of proof, and that the error was not corrected by giving the following charge:

"The burden of proof is on the defendant to establish his allegations of fraud and fraudulent representations by a preponderance of the evidence."

And that—

"A charge as to fraud is not the same as a charge on the burden of proof to establish that there were roads all around the farm; that defendant relied solely on such representations; and that defendant signed the contract with the understanding that he was to be carried back to the farm to inspect it. It will be noted that the court's charge on the burden of proof, as given, relates solely to the question of fraud,

whereas issues 2, 3, and 5 relate to other matters, and, therefore, the court's charge had no bearing upon the question." Munger v. Hancock (Tex. Civ. App.) 271 S. W. 228; Jenkins v. Moore et ux. (Tex. Civ. App.) 230 S. W. 886; Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Wichita Falls, etc., R. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570; Sanger v. First Nat. Bank of Amarillo (Tex. Civ. App.) 170 S. W. 1087; Producers' Oil Co. v. State (Tex. Civ. App.) 213 S. W. 349.

[1] It is true that it is the duty of the court to properly instruct the jury where the burden of proof rests, and that is supported by the above cases cited by appellant. In fact, the last-named case is by this court.

[2] The court in the beginning of the charge placed the burden on defendant "to establish his allegations of fraud and fraudulent representations by a preponderance of the evidence." That instruction could not have been misunderstood, for it is a correct proposition of law, simply and clearly expressed. It would have been a useless burden and waste of space and time to have charged the jury separately at the end of each charge that the burden of proof was on the appellee to establish the affirmative of each special issues Nos. 2, 3, and 5. The jury having found special issues Nos. 2 and 3 in favor of appellee, it was immaterial how No. 5 was answered, or upon whom the burden of proof rested. We overrule the propositions and assignment.

[3] Appellant's second proposition complains that the court erred in permitting appellee to introduce testimony to show the amount at which appellant rendered the land for taxes. The issue as to the value of the land of appellant became an important one. When appellant was testifying in an effort to compel the exchange, appellant was asked whether he did not render such land for taxes for much less than priced to appellee, and had he not made an affidavit to its rendition. Appellee offered the rendition for the purpose of impeaching appellant, who gave evasive answers, and answered he did not make such affidavit. The objections as to the introduction of the same were that "the same were wholly immaterial and irrelevant."

[4-7] In a suit in equity for the specific performance of the contract for the exchange of land, it devolves upon the plaintiff to prove that the land he is to convey is of the value alleged, and, as the market value of land is a most difficult fact to prove, all collateral facts that tend to prove the issue are usually admissible for what they are worth to go before the jury. It has repeatedly been held that the amount for which lands have been rendered by the owner for taxes affords no basis for, or criterion by which to measure, the value of land. Assessment rolls nor the tax rendition itself are competent evidence to fix the market value of lands. Railway v. Kell (Tex. App.) 16 S. W. 936; 4 Willson, par.

150, p. 214; McLane v. Paschal, 74 Tex. 20, 11 S. W. 837; City of San Antonio v. Diaz (Tex. Civ. App.) 62 S. W. 549; Railway v. Goswick (Tex. Civ. App.) 83 S. W. 423; Payne et al. v. Beaumont (Tex. Civ. App.) 245 S. W. 94.

For the purposes of impeachment, under the facts in this case, it is not material. Besides, no proper predicate is laid, and it was error on the part of the court to admit in evidence this tax rendition for the purposes of impeachment. In such assessment renditions they are usually for the purposes of exemplifying the correction of the lists of property.

We overrule appellant's third proposition that there was no evidence to support the finding of the jury that R. L. Hardy was the sole agent of plaintiff when he secured the signature of defendant to the contract.

From what we have said, it follows that this case must be reversed and remanded, because of the action of the court in permitting appellee to introduce in evidence the tax rendition discussed above. So it becomes unnecessary to discuss any other assignments, as they are not likely to be raised on another trial.

The judgment of the trial court is reversed, and the cause is remanded for another trial.