## SCHOLZ v. HANDY ANDY COMMUNITY STORES, Inc.

### No. 1247.

Court of Civil Appeals of Texas. Eastland.

March 9, 1934.

Rehearing Denied April 6, 1934.

Forrest Campbell, Grover C. Morris, and Joe L. Hill, all of San Antonio, for appellant.

VanderHoeven & Greathouse and Eskridge & Groce, all of San Antonio, for appellee.

HICKMAN, Chief Justice.

[█ It is not necessary to make an extended statement of this case. All of the propositions, except one, are without merit, and it would serve no purpose to discuss them. By this we are not to be understood as holding that some of the objections made to the charge might not have been well taken had they been presented timely to the lower court, but our holding with regard to them is that, assignments complaining of the charge of the court present nothing for review when the charge was not objected to as required by article 2185, R. S. 1925. Indemnity Ins. Co. of North American v. Sparra (Tex. Civ. App.) 57 S.W. (2d) 892, and authorities there cited.

█ Proposition No. 1 based upon assignment of error No. 13 presents error. In his motion for a new trial appellant charged misconduct on the part of the jury in arriving at the verdict, and in support of his allegations placed four members of the jury on the witness stand. The testimony of these jurors discloses without contradiction that they unanimously entered into an agreement that each issue, except the one submitting the amount of damages, be answered in accordance with the vote of the majority. When the several issues were voted upon, the vote would not be unanimous, but the will of the majority was adopted in accordance with the prior agreement. The record presents a case analogous in all of its essential details to that of Casstevens v. Texas & P. R. Co., 119 Tex. 456, 32 S.W.(2d) 637, 639, 73 A. L. R. 89. Upon the authority of that decision, which is the last word of the Supreme Court upon the subject, we hold that the verdict in this case was tainted with misconduct. A discussion of the question would be unprofitable, for it is fully discussed in the opinion referred to.

Appellee contends that the evidence was conflicting as to the existence of such misconduct. We have considered all of the testimony of the jurors, and do not find any conflict in the material portions thereof.

There is some conflict as to the details, but no juror testified that the agreement was not made.

It is also pointed out that there was nothing compelling a juror to adhere to the several answers in accordance with the majority vote, and that each juror stated that the answers constituted his verdict in the case. A consideration of the Casstevens Case in connection with the opinion in the same case by the Court of Civil Appeals, reported in 28 S.W. (2d) 288, reveals that like testimony was given in that case, but no effect was given thereto by the Supreme Court. In discussing this question the Supreme Court's opinion, written by Justice Greenwood, uses this language:

"No significance attaches to the poll of the jury in open court, save that the jurors continued to feel bound by their initial unlawful agreement and adhered to a verdict arrived at by the misconduct of covenanting with each other in advance to return whatever findings the majority willed."

No greater significance could attach to the testimony that in the jury room after a vote on each question had been taken all the jurors assented to the answers, and that the agreement was merely a working agreement. As above stated, the case is controlled by the Casstevens Case, and upon that authority proposition No. 1 is sustained.

Reversed and remanded.