**STAHR et al. v. HICKS RUBBER CO. OF WACO, Inc., et al.**

**No. 2045.**

Court of Civil Appeals of Texas. Waco.

Nov. 17, 1938.

Rehearing Denied Jan. 5, 1939.

Weatherby, Rogers & Scott, of Waco, for appellants.

Witt, Terrell & Witt and Tirey & Tirey, all of Waco, for appellees.

ALEXANDER, Justice.

Appellants, plaintiffs below, seek to have the judgment of the lower court reversed because of alleged misconduct of the jury. The plaintiffs sued for damages for personal injuries to Mrs. Bessie Stahr, resulting from the overturning of the automobile in which she was riding as a guest. The owner of the car had purchased new tires and new tubes from the defendants, and the defendants had mounted same on the car. The car had been driven only a few miles when it turned over, and it was then found that one of the new tubes, but not the tire, had blown out. The plaintiffs contended that the tire had been mounted in such way as to pinch the tube, causing it to blow out, and that this caused the car to overturn. The defendants claimed that the car was being negligently driven, causing it to be overturned, and that the wrecking of the car caused the blow out. The court submitted to the jury the issue as to whether or not the defendants mounted the tire with the tube in a pinched condition and the jury answered the issue "No."

The evidence shows without dispute that after the jury retired to consider the verdict a number of jurors, in the presence of the others, related their personal experiences in operating automobiles, changing tires and tubes, and in having blow outs without overturning the car. Some of the jurors who professed more experience in mounting tires than the others explained how tires should be mounted and stated to the jury that if the tire was mounted in the manner testified to by the defendants' servant, it would not pinch the tube. The foreman testified that he undertook to stop the jurors from discussing outside matters, but that these discussions were so numerous that he was unable to prevent same. The case was submitted to the jury on Saturday afternoon and after some deliberation it developed that the jurors were unable to fully agree on the answer to be given to the issue above referred to. The jury was then allowed to go home for the weekend, and when they returned Monday morning one of the jurors related to the jury that in the meantime he had had a blow out while driving his car at about the rate of speed that the car in question was being driven at the time it was overturned, and that he did not overturn his car. Several of the jurors questioned him closely about his experience and the similarity of the facts to the facts in the case under consideration. On the hearing on motion for new trial several of the jurors testified to facts indicating that the discussion of the extraneous matters might have caused them to change their minds. One juror testified positively that the discussion of such matters caused him to change his answer to the issue above referred to.

It is very clear that the jurors were guilty of misconduct in discussing these extraneous matters. Such misconduct amounted to the introduction of evidence in the jury room that was not introduced in open court. The parties were

thus denied the opportunity to cross examine or impeach the witnesses or to rebut or explain their evidence. This is not in keeping with a trial in open court as we now understand it. Such misconduct having been shown, the burden was on the party seeking to uphold the verdict to show that it did not result in prejudice to the complaining party. This the appellees were unable to do. See in this connection Casstevens v. Texas & P. Ry. Co., 119 Tex. 456, 32 S.W.2d 637, 73 A.L.R. 89; Texas & P. Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307.

The judgment of the trial court is reversed and the cause is remanded for a new trial.