**TOO FAN et al. v. CITY OF EL PASO.**
**No. 4577.**

Court of Civil Appeals of Texas. El Paso.
July 14, 1948.

Rehearing Denied July 28, 1948.

Potash & Cameron, of El Paso, for appellant.

R. Neill Walshe, of El Paso, for appellee.

McGILL, Justice.

This is an appeal from a judgment rendered by the El Paso County Court at Law in a condemnation proceeding instituted by the City of El Paso against appellants. The property taken by the city is for a public road known as "Paisano Road". The city's right to condemn is unquestioned; the only issue was the reasonable market value of the property taken, being lots 1 to 19, inclusive, Block 1, Federal Park Addition to the City of El Paso, together with a small house located on lots 1, 2 and 3 thereof. The Commissioners assessed the damages at $3950.00. Appellants alleged that the fair reasonable market price of the house was $2700.00 and of the lots $8186.50. The jury found the market value of lots 4 to 19 inclusive was $1750.00 and of lots 1, 2 and 3 with improvements was $2750.00. Judgment was rendered for appellant Too Fan for $2250.-00 and for appellant Lum Shea for $2250.-00.

Appellants are Chinese. Lum Shea is the widow of Chew Sing, deceased. The property was the community property of Chew Sing and Lum Shea. An undivided one-half of the community interest therein vested in Lum Shea upon the death of Chew Sing. Too Fan acquired the other undivided one-half interest under the will of Chew Sing. The will was not introduced in evidence, but Lum Kee Chew, one of the appellants, testified to these facts; also that Too Fan, Lum Kee Chew and Jack F. Chew are brothers, the sons of Chew Sing and Lum Shea, and that under the will of Chew Sing all of his real estate

was devised to the three brothers, Lum Kee Chew and Jack F. Chew receiving property other than that involved in this suit.

■ Over objection the court permitted appellee to introduce in evidence an affidavit of Jack F. Chew made April 17, 1944 in Probate cause No. 9432 in the County Court of El Paso County, in the Estate of Chew Sing, deceased, ostensibly for the purpose of fixing the amount of inheritance taxes due, in which the value of the property in question was given as $1,000.00; also the preliminary inheritance tax report in said estate in which all of the real estate of deceased was valued at $6,000.00. Lum Kee Chew testified that this included blocks 2 and 3 in addition to block 1 in the Federal Park Addition. The court also admitted in evidence over objection a rendition of property owned by Chew Sing made by Mrs. J. F. Chew to the Tax Assessor of the City of El Paso on February 19, 1945, in which the property in suit was listed and the owner's valuation given as $730.00. Appellants assign error in the admission of all this evidence. These points are sustained.

There is no evidence that the affidavit or report filed in the Probate cause or the rendition to the City Tax Assessor were in any way authorized or assented to by the owners of the property condemned. In the absence of such showing these instruments stand on a party with assessment lists made by the Assessor without the acquiescence of the owner. These have been held to be inadmissible for the purpose of proving value. McLane v. Paschal, 74 Tex. 20, 11 S.W. 837; Jackson v. Goldberg, Tex.Civ.App., 283 S.W. 860, loc. cit. 862, and authorities there cited.

■■ Appellants also complain of the court's refusal to admit in evidence a deed from Bartolo Galindo and wife to the City of El Paso dated October 30, 1947, conveying lots 31, 32, 33 in block 1, Orchard Park Addition to the City and County of El Paso. Appellants offered to show that this property was immediately across the street from the property condemned; that it was being condemned in another proceeding and the case was settled without trial for $3500.00 cash. Under these circumstances

the deed was properly excluded. In this State settlements made under the pressure of condemnation are not admissible to show market value. City of Dallas v. Malloy, this Court, 214 S.W.2d 154; State v. Layton, Tex.Civ.App., 147 S.W.2d 515, loc. cit. 517 and authorities there cited; Phelps v. State, Tex.Civ.App., 157 S.W.2d 955.

This rule is in accord with the overwhelming weight of authority in other jurisdictions. 18 Am.Jur. p. 996, Sec. 352; Annotation 18 A.L.R. p. 893.

■ The court did not err in giving the following charge to which appellants objected, and assign error here:

"In determining the market value of the property as that is submitted to you in the special issues, you are instructed that since the property in question is within the right-of-way for a highway which the city is acquiring that you not take into consideration any increase in market value of the property, if any there was, which may have accrued to the property due to the location and route of the said highway." City of Dallas v. Shackelford, Tex.Civ.App., 200 S.W.2d 869; same case Tex., 199 S.W.2d 503.

■ Appellee's cross point is too indefinite to warrant consideration. It does not direct our attention to any specific error relied on as required by Rule 418, Texas Rules of Civil Procedure. It complains generally of the admission of numerous deed without specifying them, showing sales of property in an adjoining subdivision of the city to persons who had been forced off of the highway by the city's condemnation for the reason that such persons were forced to purchase. Neither the statement nor argument under this point refers to any particular sale. We decline to speculate as to what error appellee complains. However, we refer to the case of Phelps v. State, supra, for guidance on appellee's cross-point should the matters of which it seeks to complain arise on another trial.

For the error indicated the judgment is reversed and the cause remanded.

PRICE, C. J., and SUTTON, J., concur.