Manuel J. RODRIGUEZ, Appellant,

v.

J. W. JOHNSON, Appellee.

No. 12969.

Court of Civil Appeals of Texas.

San Antonio.

April 4, 1956.

Pope & Pope, Hall & Hall, Laredo, for appellant.

Fitzgibbon, Goodwin & Gallagher, Laredo, for appellee.

NORVELL, Justice.

J. W. Johnson brought this suit in the nature of a bill of review seeking to set aside a judgment for $1,526.75, rendered against him and in favor of Manuel J. Rodriguez. Trial was to a jury, but at the conclusion thereof the court rendered judgment for the plaintiff, Johnson, notwithstanding the jury's answer to one of the special issues submitted. The former judgment of the court was set aside and the indebtedness upon which such judgment was based declared fully paid, discharged and satisfied.

There is error in the judgment appealed from and the ends of justice require that the cause be remanded for another trial, as our construction of the pleadings differs substantially from that of the trial court.

As will be hereinafter set forth in more detail, the dispute between the parties involves the matter of proper credits upon a promissory note. The trial judge construed the pleadings as constituting an attack not only upon the former judgment mentioned, but also upon the agreement upon which such judgment was based. In our opinion, the pleadings cannot be so construed.

The factual background of the controversy is as follows:

On September 14, 1948, M. J. Rodriguez conveyed all of Block No. 779 of the Eastern Division of the City of Laredo in Webb County, Texas, to J. W. Johnson. As part of the consideration for such conveyance, Johnson executed a note for the principal sum of $3,200, payable to Rodriguez. Johnson thereafter sold portions of this block to various purchasers upon a plan of installment payments, some of which were made to Johnson and some to Rodriguez. Some time prior to January 13, 1953, Rodriguez filed suit on his note and on the day mentioned the parties entered into the following stipulation:

"We, the undersigned, have this day agreed that J. W. Johnson is justly and legally indebted to Manuel J. Rodriguez in the sum of Two Thousand Two Hundred Fifty ($2,250.00) Dollars. That such amount is secured by a vendor's lien on those portions of block number seven hundred seventy-nine (779), Eastern Division of the City of Laredo, Webb County, Texas, not heretofore sold to the parties whose surnames are Buttron, Coronado, Davila and Reyna, and also that all balances due J. W. Johnson under the sales to said parties are the property of Manuel J. Rodriguez until the above-mentioned sum is paid off.

"Judgment of foreclosure will be prepared and approved by J. W. Johnson

and his attorney, the Honorable Gordon Gibson, forthwith showing judgment for Manuel J. Rodriguez in the above amount and foreclosure of the vendor's lien and the deed of trust lien presently in force on said property in favor of Manuel J. Rodriguez. This judgment may be presented to the District Court by Manuel J. Rodriguez, or his attorney at any time after its approval by J. W. Johnson and the Honorable Gordon Gibson."

Some seventeen months later, Rodriguez and his attorney appeared in open court and requested judgment on the stipulation after acknowledging a credit of $930 paid subsequent to the date of the agreement. Judgment was rendered for Rodriguez for the difference between $2,250 and $930, plus interest, or a total of $1,526.75.

While in his petition filed in the present suit, Johnson did not specifically pray that the former judgment be set aside, he does complain that such judgment was not approved by him or his attorney prior to its rendition. In his brief here, he suggests that this amounted to a species of extrinsic or collateral fraud. As we interpret the pleadings, no attack whatsoever is made upon the stipulation. The "meritorious defense" set forth is, "That after the execution of the above agreement and under its terms, your petitioner continued to make payments to Manuel J. Rodriguez, and believes, and still believes, and so believing stands ready to prove, that he has paid all said amount of Two Thousand Two Hundred Fifty and no/100 ($2,250.00) Dollars recited as being the balance owed by him, your petitioner, to the said Manuel J. Rodriguez."

As we understand the suit made by the pleadings, it was one in which Johnson contended that after the account had been definitely settled as being $2,250, by agreement of the parties, he had paid off the balance, and that Rodriguez, by extrinsic fraud practiced upon him and upon the court, had secured the rendition of an unjust judgment and was seeking to wrongfully subject levy upon his property to pay such judgment.

The case, as tried, was one seeking to ascertain the amount of credits properly applicable to the note from the date thereof. Despite objection, evidence was received as to payments purportedly made prior to the date of the stipulation of January 13, 1953.

The agreement of the parties that the amount of $2,250 was due on January 13, 1953, was in the nature of an account stated. Central Nat. Bank of San Angelo v. Cox, Tex.Civ.App., 96 S.W.2d 746. In order for Johnson to be entitled to a judgment such as that rendered, it was incumbent upon him to plead and prove, either (a) that he had paid the sum of $2,250 since the date of the agreement, or (b) that the agreement of January 13, 1953, was entered into as a result of fraud, accident, mistake or some mischance that would support equitable relief. In our opinion, the pleadings cannot be construed as suggesting the last theory mentioned and it follows that evidence of credits for claimed payments made prior to January 13, 1953, was improperly admitted.

We are also of the opinion that fact issues were involved in the question of whether or not the judgment of June 4, 1954, should be set aside and that it cannot be said, as a matter of law, that such judgment was invalid. Fraud in securing the improper rendition of a judgment will not be presumed and "bills seeking relief from final judgments solemnly rendered by courts of competent jurisdictions are narrowly watched by courts of equity, and the grounds for their interference are restricted. Something more than that injustice may have been done must be shown." 25 Tex.Jur. 597, Judgments, § 194. Before a final judgment can be set aside by bill of review it is necessary that the one seeking relief "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful

act of the opposite party, (3) unmixed with any fault or negligence of his own." Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998.

The judgment appealed from is reversed and the cause remanded.