**CITY OF HOUSTON, Appellant,**

**v.**

**Lorraine Blum PRIESTER et al., Appellees.**

No. 13094.

Court of Civil Appeals of Texas.

Galveston.

May 23, 1957.

Rehearing Denied June 13, 1957.

Geo. D. Neal, City Atty., and Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellant.

Vinson, Elkins, Weems & Searls and M. C. Chiles and F. Russell Kendall, Houston, for appellees.

GANNON, Justice.

This was a suit by the City of Houston against Lorraine Blum Priester, individually and as independent executrix of the estate of William G. Priester, and the First National Bank in Houston, Texas, to condemn the fee title to improved property near the downtown section of the City of Houston, being Lots 1 and 2 and portions of Lots 3 and 12, in Block 175, S.S.B.B. On the coming in of the award of the commissioners, defendants, who are appellees here, filed their objections to the award, and the case was tried to a jury on the sole issue of damages. The property involved is improved with a restaurant and private club building.

At the conclusion of the evidence, the case was submitted to the jury on a single issue 'and explanatory instruction in connection therewith, as follows:

"Special Issue No. 1

"From a preponderance of the evidence what do you find to be the present market value of Lots 1 and 2 and the adjoining south 25 feet of Lot 3 and the adjoining east one-half of Lot 12, all in Block 175 in the City of Houston, together with the improvements situated thereon? Answer in dollars and cents.

"You are instructed that the word 'improvements' includes those things which are permanently attached to the buildings and cannot practically be removed.

"To the issue the jury answered $212,300.00."

The evidence showed that there had been placed in the rooms of the buildings on the property, particularly the kitchen, large ranges, deep freezes, an iron grill of the weight of about 5,000 pounds, ice cream making cabinets, a baking oven, walk-in ice boxes, and lockers. The buildings were air conditioned, the equipment including cooling towers, pumps, etc., and the evidence also showed that an intercommunication system had been installed as well as carpeting and fire escapes. There was contention between the parties in respect to whether certain of these items constituted personalty or real fixtures.

Judgment was rendered on the verdict. The City, which is appellant here, seasonably filed its motion for new trial, which was overruled. The City appeals and assigns three points of error.

By its first point, the City complains of the overruling of its seasonable objection to the charge of the court, reading as follows:

"Now comes the plaintiff and objects and excepts to the court's charge for the reason that it fails to instruct and advise the jury that certain items on which the testimony is in conflict, as to whether such items constitute personal property or improvements or fixtures attached to the realty and that without the court's limiting the jury to find such market value of such removable items that the jury will be in all probability calculated to make an allowance for such personal property, and will include that item in their one answer of the total amount of the damage, and from that it cannot be determined whether or not such amount includes an allowance for items which are definitely not, under

the testimony, improvements and could from the evidence be found to be personal property."

■ Before considering the validity of the objection, it is well to bear in mind—contrary to appellant's argument here—that generally speaking "The question as to whether or not property has the status of a fixture is one of fact for the jury, and their province in this respect should not be invaded by the instructions of the court." 19 Tex.Jur., Fixtures, Sec. 4, p. 708, and, as well, the requirement of Rule 274, Texas Rules of Civil Procedure, that "A party objecting to a charge must point out distinctly the matter to which he objects and *the grounds of his objection.*" (Emphasis supplied.) In construing Rules 274 and 279, our Supreme Court has held that where a definition or instruction is given in connection with a special issue with which the complaining party is dissatisfied, "all that is necessary to be done by the complaining party is to file an objection to the court's instruction or definition *specifically and clearly* pointing out wherein it is claimed the given instruction or definition is *insufficient* or is in error." Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W. 2d 92, 93. (Emphasis supplied.) The quoted holding has application to the insufficiency of an explanatory instruction on damages for failure affirmatively to exclude non-recoverable elements of damage.

With the foregoing in mind, we consider appellant's objection, the language of which we find rather dismaying. At one point the objection is that the charge fails to instruct the jury that certain items are personalty on which the testimony is in conflict in respect to whether such items constitute personalty or realty. This part of the objection apparently complains of the court not taking away from the jury admittedly fact questions relating to fixtures. Next, seemingly, the basis of the objection is that unless the court *limits the jury* to finding the value of "*such remova-*

*ble items*" the jury may make an allowance for same. (Emphasis supplied.) This is a contradiction in terms. Next, apparently, the objection is that it would be impossible to determine from the answer to the issue submitted whether the answer includes an allowance for items "which are *definitely* not * * * improvements and could from the evidence be found to be personal property." (Emphasis supplied.)

Candidly, without the benefit of appellant's argument in this Court we would be at a loss to determine what appellant was driving at by the above objection. The objection does not identify for the Court any particular items. At one point it asks the court to charge the jury that certain items "on which the testimony is in conflict" are personal property. Yet at another point it is inferable that the request is for a charge only in respect to certain items which are "definitely" not realty, though this is somewhat watered down by additional language stating that such last stated items "*could* from the evidence be found to be personal property." (Emphasis supplied.)

■ We do not think appellant's objection is adequate to entitle it to complain here. The objection fails to point out distinctly any particular items to which it refers; and, not only that, it is impossible to tell from the language of the objection the grounds urged for it. It is confusing, inconsistent and contradictory, and in our opinion within the spirit of that part of Rule 274 which condemns obscurantism.

In any case, it does not appear to be aimed at the *explanatory definition* actually given for any insufficiency or incompleteness as an explanatory instruction but, on the other hand, the objection would appear in reality to be a request for an affirmative charge on *concrete* items, excluding them entirely from the consideration of the jury.

In its brief, appellant's position under the objection is somewhat clarified. We quote:

"The question as to the manner in which each item was constructed and how it was attached to any of the buildings or land was, and is, a question of fact. But the determination of whether each of said items so constructed and placed is personal property or is an improvement and part of the land is a question of law for the Court. The Court's Charge erroneously placed the question of law upon the jury.

\*    \*    \*    \*    \*    \*

"The Court's Charge as pointed out by Appellant's objection and exception should definitely have instructed the jury as to which items were improvements which were to be considered in determining the market value of the property taken, if any of such items were improvements and part of the realty."

We feel appellant's concept of the law is incorrect. When the proof leaves the matter in doubt—that is to say, as phrased by appellant in its objection; when the testimony is in conflict as to whether items constitute personal property or real fixtures—the question of what are and what are not real fixtures is, as has been pointed out above, one of fact and not one of law.

In any event, as we see it, when viewed in its best light from the standpoint of appellant, the objection was actually a request for an instruction that certain definite items constituted personalty. The objection did not point out these items. We do not think the court was required, in response to such a general complaint, to review the entire proof and single out particular items which may or may not have been personalty as a matter of law. The duty to identify the items, in our opinion, clearly rested on appellant. This duty it did not discharge, and it is therefore not in position to complain.

Had the objection proceeded on the basis that the explanatory instruction was insufficient for failure to include, in addition to the instruction given, a further and additional instruction that the word "improvements" as used in the charge did not include items which were not permanently attached to the buildings and which could practicably be removed therefrom, we would have a different question before us. Any way appellant's objection is viewed, it is not based on a failure to include an additional explanatory instruction as a part of that already given affirmatively advising the jury that fixtures which are not permanently attached and which can be practicably removed are not within the meaning of the word "improvements" as used in the charge. This, it seems to us, was the extreme limit a mere objection could reach. On the other hand, appellant's "objection" at bottom is a request for the court to remove certain items from the consideration of the jury entirely. Such an instruction would have been no part of an explanatory definition but would have been in the nature of peremptory instruction in respect to definite items involved in the proof. To be entitled to such an instruction, it was incumbent on appellant, in our opinion, to single out the items appellant had in mind and to identify them in a properly prepared peremptory charge to the jury to exclude them from consideration. In short, we do not believe the character of instruction which plaintiff says it sought by its objection was any part of an explanatory definition. Yet, on analysis and when viewed in its most favorable light from appellant's standpoint, the contention here is that its objection was for insufficiency and incompleteness of an explanatory instruction as such. So, even if it can be said that the instruction is insufficient for incompleteness as a definition, the answer to appellant's position is that

the explanatory instruction was not objected to on any such ground.

In no view of the instruction given may it be said to permit the jury to include "removable items", i. e. personalty. It was, therefore, not affirmatively erroneous.

■ By its second point, in which we find no merit, appellant complains of the refusal of the trial court to permit it to introduce evidence through Fred N. Ankenman, tax assessor and collector of the City of Houston and of the Houston Independent School District, identifying and proving tax renditions made by said Fred Ankenman in his official capacity on the property involved for the years 1954, 1955 and 1956. During each of these years, the property was on the unrendered roll. None of the evidence related to any tax rendition made by the owners of the property. All of it related to valuations placed on unrendered property by the tax assessor. The appellant cites no authority in support of the admissibility of these renditions and assessments, to which the property owners were not parties. The evidence was inadmissible and properly excluded. It was so ruled in Too Fan v. City of El Paso, Tex.Civ.App., 214 S.W. 2d 158, 159, where the court said:

"There is no evidence that the affidavit or report filed in the Probate cause or the rendition to the City Tax Assessor were in any way authorized or assented to by the owners of the property condemned. In the absence of such showing these instruments stand on a parity with *assessment lists made by the Assessor without the acquiescence of the owner. These have been held to be inadmissible for the purpose of proving value.* McLane v. Paschal, 74 Tex. 20, 11 S. W. 837; Jackson v. Goldberg, Tex. Civ.App., 283 S.W. 860, loc. cit. 862, and authorities there cited." (Emphasis supplied.)

See also Kansas City & G. R. Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477. In Nichols on Eminent Domain, Vol. 5, p. 313 et seq., it is said that ad valorem assessments of unrendered property made by tax assessors are " * * res inter alios acta and * * * inadmissible upon the general principles of the law of evidence." The rule appears to be briefly and accurately stated in Orgel on Valuation under Eminent Domain, Vol. 2, p. 259, as follows:

"Tax returns in which the owner states the value of his property for purposes of taxation are received as admissions against him; but assessed valuations made by tax officials without participation by the owner are generally held to be inadmissible * * *."

■ Appellant's last point of error reads as follows:

"The trial court erred in overruling appellant's motion for new trial."

The motion for new trial contains three distinct and separate grounds of error. We seriously doubt the point as stated is sufficient to invoke our jurisdiction. Under it appellant raises a claim of jury misconduct vitiating the verdict, claiming that the evidence of the jurors at the hearing on the motion for new trial established that the jurors agreed in advance to be bound by the quotient of their respective ideas of a proper allowance of damages. Appellant says that on the evidence the question of misconduct is ruled by such cases as Kindy v. Willingham, 146 Tex. 548, 209 S.W.2d 585, Becker v. Mollenauer, Tex.Civ.App., 234 S.W.2d 690, and Casstevens v. Texas & P. Ry. Co., 119 Tex. 456, 32 S.W.2d 637, 73 A.L.R. 89, holding that where jurors bind themselves in advance to abide by the decision of the majority or the quotient of their ideas on damages and the agreement induces or enters into the result, the verdict is invalid. We have examined the record

under the point as assigned and reach the conclusion that no error is shown in the action of the trial court in overruling appellant's contention of misconduct in the respect claimed. It is highly doubtful there is any evidence to show any agreement in advance to be bound by the result of the quotient of the respective ideas on damages of the jurors. If, however, it can be said the record contains any such evidence, even circumstantial, there is ample evidence to the contrary and to show that there never was an agreement express or implied to be bound by a quotient verdict. Actually, all the evidence indicates to our minds is that the jurors decided to determine upon a quotient of their ideas for a working figure. In our opinion, the point is ruled by the law as announced in Page v. Lockley, Tex.Civ.App., 176 S.W.2d 991, 994, approved by the Supreme Court, 142 Tex. 594, 180 S.W.2d 616. We quote:

"The evidence justified the conclusion that there was no agreement of the jurors that the result of dividing by twelve the sum of the amount of damages favored by each juror should constitute the verdict. While such an agreement would not, we think, necessarily be an express agreement, but might be implied even so, there was no express agreement, and there was evidence sufficient to exclude any implication of such agreement. That a preagreement to the effect that the result of the division should constitute the verdict, is essential to show misconduct in such respect, seems to be well settled. Allcorn v. Fort Worth & R. G. Ry. Co., Tex.Civ. App., 122 S.W.2d 341; State v. Littlefield, Tex.Civ.App., 147 S.W.2d 270; Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703, and authorities cited."

The record before us, even if the evidence does not compel such a finding, is ample to sustain the trial court's implied finding that there was no agreement, express or implied, by the jurors to be bound by a quotient verdict.

The judgment of the trial court is affirmed.